502 P.2d 970 (1972)
Jack EITELJORG and Debbie Eiteljorg, Plaintiffs-Appellants,
v.
Martin C. BOGNER, Defendant-Appellee.
No. 71-409.
Colorado Court of Appeals, Div. I.
October 25, 1972.
*971 Alex Stephen Keller, Denver, for plaintiffs-appellants.
Ronald S. Loser, Littleton, for defendant-appellee.
Not Selected for Official Publication.
COYTE, Judge.
Plaintiffs-Appellants filed suit against defendant claiming breach of warranty in the quality of construction of plaintiffs' residence. Defendant filed a counterclaim claiming damages for malicious prosecution. At the conclusion of plaintiffs' evidence, the court found in favor of defendant on plaintiffs' claim. Defendant then presented evidence on his malicious prosecution suit, and, at the conclusion of the trial, the court found in favor of defendant, assessed his damages, and ordered entry of judgment in favor of defendant and against plaintiffs.
Plaintiffs appeal only on the question of damages and costs and request a modification of the judgment, rather than a new trial.
Plaintiffs assert that there was no evidence to support the award to defendant of $144 for loss of time. Defendant testified that he had spent 36 hours working on this case; that he earned approximately $25,000 per year; that he was a self-employed building contractor and part of his time was spent doing creative work. The court determined that one-half of this time, 18 hours, was spent working on the defense of plaintiffs' claim, and that eight dollars per hour would be reasonable based on defendant's income, which averaged eight dollars per hour for each hour worked by defendant during the course of the year. The record contains an adequate evidentiary basis for the amount awarded for this item of damages.
Plaintiffs object to the allowance of attorney fees since there was no evidence as to the reasonableness of the fees awarded. However the attorney fees were an element of damages which were to be measured by the actual cost to the defendant for services rendered in presenting his defense to the suit maliciously prosecuted by plaintiff. The evidence supports the amount of the award.
Plaintiffs object to the award of $500 damages to defendant for mental suffering. There was evidence of humiliation and embarrassment caused to defendant by the filing of this groundless suit attacking the quality of defendant's work. The court found that this had been a "traumatic experience for him." The evidence supports this item of damages and we approve the same.
Plaintiffs objected to most of the items shown by defendant on his bill of costs. In this instance, defendant is entitled to recover his costs, both as to the defense against plaintiffs' complaint and as to proving the allegations of his counterclaim. It was within the discretion of the court to allow expert witness fees to the two experts who appeared and testified and the other costs approved by the court.
However, the court allowed $90 for deposition cost incurred by defendant in taking the depositions of the two expert witnesses prior to trial. Under certain circumstances, this expense might have been a proper item to consider as damages, but it was not properly allowed as costs. There is no testimony regarding the taking of the depositions. There is nothing in the record which would allow this item to be considered as damages and no basis to charge it as costs. Morris v. Redak, 124 Colo. 27, 234 P.2d 908.
There is competent evidence to support the judgment except for the cost of taking depositions. This item should be subtracted from the costs awarded. As modified, the judgment is affirmed.
DWYER and ENOCH, JJ., concur.